UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE K. GOMERY and GOMERY
& ASSOCIATES, PLLC,

        Plaintiffs,                              Case No. 1:13-cv-947

v.                                                        HON. JANET T. NEFF

CONTINENTAL CASUALTY COMPANY,

        Defendant.
_____/

**OPINION**

Pending before the Court in this removed diversity case is Defendant's motion to dismiss under FED. R. CIV. P. 12(b)(6) for failure to state a claim (Dkt 29). Plaintiffs filed a response in opposition to Defendant's motion (Dkt 31), and Defendant filed a reply (Dkt 34). Having conducted a Pre-Motion Conference in this matter and having fully considered the parties' written briefs and accompanying exhibits, the Court finds that the relevant facts and arguments are adequately presented in these materials and that oral argument would not aid the decisional process. *See* W.D. Mich. LCivR 7.2(d). For the reasons that follow, the Court determines that Defendant's motion is properly granted.

**I. BACKGROUND**

Plaintiff Clarence K. Gomery (Gomery), a licensed attorney, and Plaintiff Gomery & Associates, PLLC, a Traverse City, Michigan law firm of which Gomery is principal, are insureds under a Lawyers Professional Liability Policy ("the policy") issued by Defendant Continental Casualty Company. Plaintiffs seek coverage under the policy for claims made against them in

January 2012 by Fred Topous, Jr. (Topous) in *Fred Topous, Jr. v. Clarence K. Gomery and Gomery & Assocs., PLLC*, No. 12-28977-CB (Grand Traverse Cir. Ct.) ("*Topous v. Gomery, et al.*").

Topous, a business person in Grand Traverse County, Michigan, alleged that in 2009, Gomery, his attorney, created the "T and G Real Estate Development Company, LLC" ("T&G"), an entity with the same business address as Gomery's business address, to purchase property in Grand Traverse County known as the Mitchell Creek property, as well as other buildings, businesses and assets (Dkt 1-1 at 47, State Court Compl. ¶¶ 2-5). Topous alleged the following eight claims in the lawsuit:

- a claim for "Dissolution" of T&G (Count I);

- a "Fraud" claim arising from Gomery's representations about Gomery's interest in T&G and Gomery's intentions to deed adjoining property to T&G (Count II);

- claims for "Breach of Fiduciary Duty" (Count III), "Silent Fraud" (Count IV) and "Conversion" (Count V), arising from Gomery's actions or omissions in taking possession of, maintaining, developing and managing the Mitchell Creek property;

- an "Unjust Enrichment" claim, seeking the return of Topous' $250,000 initial capital contribution for the formation of T&G and acquisition of the Mitchell Creek property (Count VI);

- a "Legal Malpractice" claim, delineating numerous ways in which Gomery breached his fiduciary duty to act as a reasonably competent and prudent attorney, counselor and advisor for Topous (Count VII); and

- a "Vicarious Liability of Law Firm" claim (Count VIII)

(Dkt 1-1 at 54-65). Topous amended his complaint in May 2012, to add another fraud claim—"Obtainment of Cash Payment"—arising from a $25,000 payment Topous alleged Gomery induced him to pay in cash to settle a purported sexual harassment/discrimination allegation (*id.* at 91-93). In January 2012 and again in October 2012, Defendant denied Plaintiffs' requests for a legal

defense and indemnity of any damages (*id.* at 67-68, 131-32). Plaintiffs funded their own defense (Pls.' Resp., Dkt 32 at 4), and the case concluded with a jury verdict in Topous' favor (Dkt 1-1 at 136-41).

Plaintiffs filed the instant case in the Circuit Court for Grand Traverse County, Michigan on or about July 22, 2013, alleging a single claim of breach of the contractual provisions in the insurance policy providing for "a defense and indemnity" (Compl., Dkt 1-1 at 4-8). Plaintiffs are seeking their "claim expenses" of $126,111.32 for attorney fees, expert fees, court reporter fees and court costs assessed in the underlying case (Compl., Dkt 1-1 at ¶¶ 7, 14). Defendant removed the breach-of-contract case to this Court on August 28, 2013 based on complete diversity of citizenship between Plaintiffs, citizens of Michigan, and Defendant, a citizen of Illinois. *See* 28 U.S.C. § 1332.

On October 14, 2013, Plaintiffs filed an Amended Complaint, amending the venue and subject matter provisions in their pleading and incorporating the policy, Topous' complaints, and Defendant's denial letters, "as if fully set forth herein" (Dkt 10, Amend. Compl. ¶¶ 4-6, 8, 10-11, 13, 23). Plaintiffs also amended Paragraph 7, in which they initially referenced "a defense and indemnity," to instead allege merely "'Coverage' to pay for 'Claim expenses'" (*id.* ¶ 7). Last, Plaintiffs increased their "claim expenses" to $144,224.52 and added a claim for "Loss of Earnings," "currently totaling equal to and/or in excess of $11,000.00" (*id.* ¶¶ 14, 16, 23(c)). On October 15, 2013, Plaintiffs filed a Second Amended Complaint, increasing their "claim expenses" to $158,873.80 (Dkt 11, 2d Amend. Compl. ¶ 14).

On October 29, 2013, Defendant filed a Pre-Motion Conference request, proposing to file a motion to dismiss Plaintiffs' Second Amended Complaint (Dkt 18). Following a Pre-Motion Conference in December 2013, this Court issued a briefing schedule (Dkt 26). The parties filed their

motion papers in February 2014 (Dkts 29-36). Defendant has also since filed a Notice of Supplemental Authority (Dkt 37).

## II. ANALYSIS

### A. Motion Standard

Defendant filed its motion to dismiss under FED. R. CIV. P. 12(b)(6) for failure to state a claim. Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint will survive a motion to dismiss if the plaintiff alleges facts that "state a claim to relief that is plausible on its face" and that, if accepted as true, are sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility . . . .'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

In deciding a motion to dismiss for failure to state a claim under FED. R. CIV. P. 12(b)(6), the court must treat all well-pleaded allegations in the complaint as true and draw all reasonable inferences from those allegations in favor of the nonmoving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield,* 552 F.3d 430, 434 (6th Cir. 2008); *see also Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335–36 (6th Cir.2007) ("[W]hen a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment.").

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Further, "the court need not accept as true a legal conclusion couched as a factual allegation, or an unwarranted factual inference." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citation and internal quotation marks omitted).

### B. Discussion

The parties agree that the sole issue in this case is whether, pursuant to the provisions of the policy, Defendant has a duty to defend Plaintiffs against the claims in *Topous v. Gomery, et al.* (Def. Br., Dkt 30 at 15; Pls.' Resp., Dkt 32 at 4). Because this is a diversity action in a matter removed to a Michigan district court, the substantive law of Michigan applies. *Wonderland Shopping Ctr. Venture Ltd. P'ship v. CDC Mortg. Capital, Inc.*, 274 F.3d 1085, 1092 (6th Cir. 2001). This Court must follow and apply Michigan law in accordance with the controlling decisions of the Supreme Court of Michigan. *Id.*

"Under Michigan law, interpretation of an insurance contract requires a two-step inquiry: first, a determination of coverage according to the general insurance agreement, and second, a decision regarding whether an exclusion applies to negate coverage." *Plastow v. Lawyers Title Ins. Corp.*, 1:10-cv-703, 2011 WL 6370570, at *7 (W.D. Mich. Dec. 20, 2011) (citing *Auto-Owners Ins. Co. v. Harrington*, 565 N.W.2d 839, 841 (Mich. 1997); *Hastings Mut. Ins. Co. v. Safety King, Inc.*, 778 N.W.2d 275, 291 (Mich. Ct. App. 2009)). "When 'an insurer has specifically and explicitly excluded coverage with unambiguous policy language, the express exclusions will free the insurer from any duty to defend.'" *Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 455 (6th

Cir. 2003) (quoting *Am. Cas. Co. of Reading, Pa. v. Rahn*, 854 F. Supp. 492, 504 (W.D. Mich. 1994)); *see also Tobin v. Aetna Cas. & Sur. Co.*, 436 N.W.2d 402, 403 (Mich. Ct. App. 1989) ("The insurer is not required to defend against claims expressly excluded from policy coverage.").

Under the policy in this case, Defendant agreed, subject to certain provisions and exclusions, "to pay on behalf of the Insured all sums in excess of the deductible that the Insured shall become legally obligated to pay as damages and claim expenses because of a claim that is both first made against the Insured and reported in writing to the Company during the policy period by reason of an act or omission in the performance of legal services by the Insured or by any person for whom the Insured is legally liable" (Dkt 1-1 at 31). "Legal services," in turn, is defined in the policy as

    A.    those services, including pro bono services, performed by an Insured for others as a lawyer, arbitrator, mediator, title agent or other neutral fact finder or as a notary public. Any title agency or company, on whose behalf the Insured acts as title agent or designated issuing attorney, is not an Insured under this Policy;

    B.    those services performed by an Insured as an administrator, conservator, receiver, executor, guardian, trustee or in any other fiduciary capacity and any investment advice given in connection with such services;

    C.    those services performed by an Insured in the capacity as a member, director or officer of any professional legal association, including any Bar Association and any similar organization or association, its governing board or any of its committees.

(*id.* at 34).

Defendant expressly excluded from Plaintiffs' policy coverage, in relevant part, the following:

    IV.    EXCLUSIONS

This Policy does not apply:

* * *

    F.      Capacity as Director, Officer, Fiduciary

        to any claim based on or arising out of an Insured's capacity as:

        1.      a former, existing or prospective officer, director, shareholder, partner, manager or member (or any equivalent position), of any entity, if such entity is not named in the Declarations; ...

* * *

    H.      Owned Entity

        to any claim based on or arising out of legal services performed, directly or indirectly, for any entity not named in the Declarations, if at the time of the act or omission giving rise to the claim, the percentage of ownership interest, direct or indirect, in such entity by any Insured, or an accumulation of Insureds, exceeded 10%.

(Policy, Dkt 1-1 at 35).

In support of dismissal, Defendant argues that the "business enterprise exclusion" of the policy, collectively §§ IV.F and IV.H, bars coverage for mixed actions such as *Topous v. Gomery et al.*, i.e., where an attorney intermingles the attorney's professional practice of law with his private business activities (Def. Mot., Dkt 29 at 1). According to Defendant, Gomery formed T&G (i.e., Topous and Gomery) with Topous and Topous' money and used the business enterprise to purchase, develop and manage the real estate at issue, asserting a 50 percent ownership interest in the property, despite having made no capital contribution (Def. Br., Dkt 30 at 15). Defendant argues that the business enterprise exclusion squarely bars coverage here where Topous' legal malpractice claims are inextricably tied to and based upon Gomery's self-dealing as a member of a real estate development company (*id.* at 8, 15).

As Defendant points out in Reply (Def. Reply, Dkt 34 at 2), Plaintiffs do not address the applicability of the business enterprise exclusion in their Response to Defendant's motion. Plaintiffs

instead argue that Topous' claims fit within the definition of "legal services" and that another exclusion, the so-called "dishonesty exclusion," obligated Defendant to provide a defense "unless and until" the intentional acts were proven. Neither of these arguments is outcome-determinative. Even assuming arguendo that coverage exists, the first step in the inquiry, coverage is negated by application of the business enterprise exclusion, including any duty to defend. Plaintiffs' failure to respond to Defendant's business-enterprise-exclusion argument amounts to a waiver of their argument on the issue and a fatal omission in this case. *See Notredan, L.L.C. v. Old Republic Exch. Facilitator Co.*, 531 F. App'x 567 (6th Cir. 2013) (recognizing that the plaintiff had waived claim by failing to respond to or refute arguments made by the defendants in the district court); *Allstate Ins. Co. v. Global Med. Billing, Inc.*, 520 F. App'x 409, 412 (6th Cir. 2013) (same); *Humphrey v. U.S. Att'y Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (holding that the defendant waived any argument on the issue by failing to oppose a motion to dismiss); *Scott v. Tenn.*, 878 F.2d 382 (6th Cir. 1989) (affirming district court's grant of the defendant's unopposed motion to dismiss, and noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion").

However, even if Plaintiffs had not waived the argument, the Court determines that treating all well-pleaded allegations in Plaintiffs' Second Amended Complaint as true and drawing all reasonable inferences from those allegations in favor of Plaintiffs, Plaintiffs have failed to state a breach of contract claim that is plausible on its face in light of the applicability of the business enterprise exclusion. Indeed, as Defendant opines, "it is difficult to imagine a case falling more squarely within the business enterprise exclusions" (Def. Br., Dkt 30 at 8). Therefore, for either

reason, Plaintiffs' waiver or the merits of Defendant's argument, Defendant is entitled to dismissal of this case.

### III.  CONCLUSION

For the foregoing reasons, the Court determines that Defendant's Motion to Dismiss (Dkt 29) is granted. An Order and corresponding Judgment will be entered consistent with this Opinion. *See* FED. R. CIV. P. 58.


Dated: August  25 , 2014              /s/ Janet T. Neff
                                      JANET T. NEFF
                                      United States District Judge